UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIDEL TORRES CABEZA,

       Petitioner,

   v.                       Case No.:  2:26-cv-01375-SPC-DNF

IMMIGRATION AND CUSTOMS
ENFORCEMENT *et al.*,

       Respondents.

_____/

## OPINION AND ORDER

Before the Court are petitioner Fidel Torres Cabeza's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).

Torres Cabeza is a native of Cuba who entered the United States during the Mariel Boatlift in 1980.  He was convicted of burglary in 1991, felony hit-and-run with injury in 1994, and sexual battery on a minor in 1998.  On April 15, 1999, an immigration judge ordered him removed to Cuba.  Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Torres Cabeza under an order of supervision on February 11, 2005.  On June 20, 2025, ICE arrested Torres Cabeza at a homeless encampment.  He was detained at Alligator Alcatraz when he filed this action, but he has since been moved to Cibola County Correctional Center in New Mexico.  ICE has unsuccessfully attempted to remove Torres Cabeza to Mexico several times.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700–01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Supreme Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months— the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government acknowledges the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Torres Cabeza has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba has refused to accept him, and there is still no agreement between the U.S. and Cuba to pave the way for his repatriation. The burden thus shifts to the government. It claims ICE has attempted to remove Torres Cabeza to Mexico several times and accuses Torres Cabeza of resisting removal efforts. But the government does not state what Torres Cabeza did to thwart removal. Nor does it provide any reason to believe future removal attempts will be successful.

The Court finds there is no significant likelihood of removal in the reasonably foreseeable future. However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Torres Cabeza's criminal history, the Court

will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Fidel Torres Cabeza's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Torres Cabeza poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the government shall file a supplemental response, addressing the results of the review and any updates on removal efforts. If ICE determines continued detention is appropriate, the respondents must explain why.

3. Torres Cabeza may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record